IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 15, 2020

## STATE OF TENNESSEE v. LARON RASHAWN LUMPKIN

**Appeal from the Criminal Court for Davidson County**
**No. 2017-A-390        Steve R. Dozier, Judge**

_____

**No. M2019-01912-CCA-R3-CD**

_____

NORMA MCGEE OGLE, J., concurring in part, dissenting in part.

I join the majority in affirming Defendant's conviction of especially aggravated robbery. However, I write separately to dissent from the majority's conclusion that the evidence is insufficient to support the conviction of voluntary manslaughter.

"Voluntary manslaughter is the intentional or knowing killing of another in a state of passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner." Tenn. Code Ann. § 39-13-211(a). "'Passion' has been defined as '[a]ny of the emotions of the mind [reflecting] anger, rage, sudden resentment, or terror, rendering the mind incapable of cool reflection.'" State v. Brown, 836 S.W.2d 530, 543 (Tenn. 1992) (quoting Winton v. State, 268 S.W. 633, 637 (1925)). Black's Law Dictionary defines "adequate provocation" as "'[a]n adequate provocation to cause a sudden transport of passion that may suspend the exercise of judgment and exclude premeditation and a previously formed design is one that is calculated to excite such anger as might obscure the reason or dominate the volition of an ordinary man.'" State v. Michael Tucker, No. W2000-02220-CCA-R3-CD, 2002 WL 31624933, at *14 (Tenn. Crim. App. at Jackson, Nov. 20, 2002) (quoting Black's Law Dictionary 39-40 (4th ed. 1990)). A determination of whether a killing occurred in a state of passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner is left to the jury. See State v. Johnson, 909 S.W.2d 461, 464 (Tenn. Crim. App. 1995).

Taken in the light most favorable to the State, the evidence shows that Defendant, Bledsoe-Conley, and "Jay" rushed up to the victim's car. Defendant put his gun to the front of the victim's head, Jay put his gun to the back of the victim's head, and they

demanded the victim's property. The victim complied, giving them his money. Meanwhile, Bledsoe-Conley "shove[d]" a pistol into Jerry Honeycutt's stomach and told Honeycutt, "'You think this is a F'ing game?'" Defendant and Jay demanded the victim's iPhone, one of them reached for the telephone, and the victim "punched" him. Bledsoe-Conley immediately went to the victim and shot the victim in the head. Up until that point, though, it had appeared that only an aggravated robbery was going to occur. Therefore, I think that a reasonable jury could have found that Bledsoe-Conley shot the victim in anger that was provoked by the victim's punch and that Defendant was criminally responsible for Bledsoe-Conley's conduct. Accordingly, I would affirm Defendant's conviction of voluntary manslaughter.

_____
NORMA MCGEE OGLE, JUDGE